T.C. Memo. 2012-335

UNITED STATES TAX COURT

ACM ENVIRONMENTAL SERVICES, INC., ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos.  21125-10, 21126-10,          Filed December 3, 2012.
                  21127-10.

Patrick T. Griffin and Liah R. Griffin, pro sese.

Angela B. Friedman, for respondent.

_____

        [1]Cases of the following petitioners are consolidated herewith:  ACM
Engineering & Environmental Services, Inc., docket No. 21126-10; and Patrick T.
and Liah R. Griffin, docket No. 21127-10.

**[*2]**      MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issues for decision, relating to petitioners' 2005, 2006, and 2007 Federal income tax returns, are whether Mr. and Mrs. Griffin's transfers to ACM Environmental Services, Inc.[2] (ACM) were loans or capital contributions and whether the Griffins are liable for section 6662(a)[3] accuracy-related penalties.

### FINDINGS OF FACT

In 1988 Mr. Griffin, an electrical engineer, incorporated ACM, which specialized in environmental catastrophe remediation, mold inspection, and asbestos testing.  ACM had two officers:  Mr. Griffin, who was president and sole shareholder, and a treasurer, who was responsible for approving corporate debt.  In 2004, 2006, and 2007, respectively, the Griffins transferred $40,000, $39,600, and $167,000 to ACM.

In 2005, 2006, and 2007 (years in issue) the Griffins used their credit cards to make personal and ACM purchases.  During the years in issue ACM paid credit

---

[2]The corporation was later renamed ACM Engineering & Environmental Services, Inc.

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** card expenses totaling $872,770. Neither the Griffins nor ACM maintained records which differentiated ACM's business expenses from the Griffins' personal expenses.

With respect to the years in issue, the Griffins timely filed self-prepared Forms 1040, U.S. Individual Income Tax Return, and ACM timely filed Forms 1120, U.S. Corporation Income Tax Return, which were prepared with the assistance of an accountant. On each of its returns, ACM claimed business expense deductions relating to its credit card payments.

Respondent subsequently selected for audit ACM's and the Griffins' tax returns. During audit, revenue agents informed Mr. Griffin that ACM was not entitled to business expense deductions relating to its payments of personal expenses and that these payments were includible in the Griffins' gross income. Mr. Griffin, in response, told the agents that the transfers to ACM were loans and ACM's payments of personal expenses were loan repayments. Mr. Griffin also told the agents that he did not have formal loan documents or documentation identifying which transactions were personal expenses and "that information was kept in his head."

On July 28, 2010, respondent sent ACM and the Griffins statutory notices of deficiency relating to the years in issue. Respondent determined that ACM paid

**[*4]** $139,002 (i.e., $36,744, $58,755, and $43,503, relating to 2005, 2006, and 2007, respectively) of the Griffins' personal expenses, the payments were not deductible by ACM, and the payments should be treated as qualified dividends received by the Griffins. Respondent further determined that the Griffins were liable for accuracy-related penalties.[4] On September 22, 2010, ACM, whose principal place of business was Indiana, and the Griffins, while residing in Indiana, filed their respective petitions with the Court. On August 25, 2011, the Court granted respondent's motion to consolidate for trial, briefing, and opinion.

## OPINION

ACM concedes that it may not deduct, as business expenses, its payments of the Griffins' personal expenses. The Griffins contend, however, that their transfers to ACM were loans and ACM's payments of their personal expenses were loan repayments.[5]

---

[4]Respondent determined that ACM was liable for accuracy-related penalties but has conceded this issue.

[5]Pursuant to sec. 7491(a), petitioners have the burden of proof unless they introduce credible evidence relating to the issue that would shift the burden to respondent. See Rule 142(a). Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial. See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

**[\*5]**   We conclude that the Griffins' transfers to ACM were capital contributions and not loans.[6]   ACM and the Griffins did not intend to create a debtor-creditor relationship.  See Frierdich v. Commissioner, 925 F.2d 180, 182-184 (7th Cir. 1991), aff'g T.C. Memo. 1989-393; Calumet Indus., Inc. v. Commissioner, 95 T.C. 257, 286 (1990).  The transfers to ACM were not made at arm's length, did not comport with normal business practices, and were not treated as loans by either the Griffins or ACM.  See Frierdich v. Commissioner, 925 F.2d at 182-184; Calumet Indus., Inc. v. Commissioner, 95 T.C. at 285, 287 (stating that it would be difficult to find that transfers were bona fide debt when the parties "treated the * * * [transfers] in the same fashion as the capital contributions").  In addition, ACM did not pay interest to the Griffins, ACM's treasurer was not asked to approve the Griffins' transfers, and ACM's financial statements do not reflect any shareholder loans.  At trial the Griffins introduced documents in support of their contention that the transfers were loans.  These documents, however, were not adhered to, credible, contemporaneous, or consistent with Mr. Griffin's previous assertions to revenue agents (i.e., that there were no such documents and loan "information was kept in his head").  Thus, we reject the Griffins' contention that ACM's payments

---

[6]Because these transfers are not loans, interest relating to the purported loans is not includible in the Griffins' gross income and ACM is not entitled to interest expense deductions.

**[\*6]** of their personal expenses were loan repayments and hold that these payments are qualified dividends (i.e., to the extent of ACM's earnings and profits). See secs. 1(h)(11), 316(a).

Respondent further determined that the Griffins are liable for section 6662(a) accuracy-related penalties relating to the years in issue. Respondent bears, and has met, the burden of production relating to these penalties. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). There is no credible evidence that the Griffins took reasonable efforts to assess their proper tax liabilities or believed in good faith that their Federal income tax liabilities were accurately reported. See sec. 6664(c); sec. 1.6664-4(b)(1), Income Tax Regs. Accordingly, we sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decisions will be entered under

Rule 155.